UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

AUTHOR RAY TURNER          ]
    Petitioner,             ]
                           ]
v.                         ]          No. 3:12-0490
                           ]          Judge Trauger
DARON HALL, et al.         ]
    Respondents.            ]

### M E M O R A N D U M

The petitioner, proceeding *pro se*, is an inmate at the Davidson County Criminal Justice Center in Nashville. He brings this action pursuant to 28 U.S.C. § 2254 against Daron Hall, Sheriff of Davidson County, and the Davidson County Criminal Court Clerk's Office, seeking a writ of habeas corpus.[1]

### I. Background

In July, 1995, a Davidson County Grand Jury issued an indictment charging the petitioner with aggravated rape (4 counts), especially aggravated kidnapping, aggravated robbery and attempted

---

[1] A petitioner may seek habeas corpus relief under § 2254 if he is "in custody pursuant to the judgment of a State court". 28 U.S.C. § 2254(a). When this action was commenced, the petitioner was awaiting trial and was not, as of yet, in custody pursuant to the judgment of a State court. However, the Court has since learned that the petitioner went to trial and was found guilty of seven felonies. He is scheduled for sentencing on October 5, 2012. Docket Entry No.25-1. The petitioner, therefore, is now in custody pursuant to a State court judgment.

1

aggravated rape. Docket Entry No.23-1 at pgs.2-8. In November of that year, he pled guilty to especially aggravated kidnapping, aggravated robbery, and two counts of aggravated rape. *Id.*, at pgs.9-12. For these crimes, the petitioner received an effective sentence of forty (40) years in prison. *Id.*, at pg.37.

There was no direct appeal of the convictions taken by the petitioner. He did, however, file a petition for state post-conviction relief. Following the appointment of counsel and an evidentiary hearing, the state trial court denied the post-conviction petition. On appeal, the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. The Tennessee Supreme Court later denied petitioner's application for further review. Docket Entry No.23-2.

In January, 2002, the petitioner filed a second petition for post-conviction relief. This petition was summarily denied by the state trial court. Docket Entry No.23-5 at pg.3. On appeal, the Tennessee Court of Criminal Appeals affirmed the dismissal. Once again, the Tennessee Supreme Court rejected petitioner's application for additional review. Docket Entry No.23-3.

The petitioner then filed a petition for federal habeas corpus relief in the District Court for the Western District of Tennessee. That action was transferred to this judicial district. <u>Turner v. Mills, et al.</u>, Civil Action No.3:04-0167 (Haynes, J., presiding).

On November 14, 2005, the federal habeas corpus petition was

2

denied as untimely. *Id.*, at Docket Entry No.41. On appeal, a panel of the Sixth Circuit Court of Appeals affirmed the denial of federal habeas corpus relief. *Id.*, at Docket Entry No.47. The United States Supreme Court subsequently denied the petitioner's application for a writ of certiorari. *Id.*, at Docket Entry No.50.

The petitioner next filed a petition for writ of habeas corpus in state court. The state court summarily denied that petition. On appeal, the Tennessee Court of Criminal Appeals upheld the denial of habeas corpus relief. Docket Entry No.23-6.

On December 9, 2008, the petitioner filed a second petition for habeas corpus relief in state court. Once again, the state court summarily denied the habeas corpus petition. Docket Entry No.23-7 at pg.3. The Tennessee Court of Criminal Appeals, however, reversed this ruling and remanded the case back to the lower court for an evidentiary hearing to determine whether the petitioner should be allowed to withdraw his guilty plea.

On remand, the state trial court allowed the petitioner to withdraw his guilty plea. Docket Entry No.5 at pgs.28-29. Shortly thereafter, the petitioner was transferred to the Davidson County Criminal Justice Center to await trial. In the meantime, the Tennessee Court of Criminal Appeals affirmed the ruling allowing the petitioner to withdraw his guilty plea. Docket Entry No.23-9.

On August 24, 2012, after a five day trial, the petitioner was found guilty of every charge in the indictment. Docket Entry No.25-

3

1. He is currently awaiting sentencing.

## II. Procedural History

Four months prior to trial, the petitioner initiated the instant action with the *pro se* filing of a petition for writ of habeas corpus (Docket Entry No.5). On June 18, 2012, he filed an amended habeas corpus petition (Docket Entry No.17).

In the amended petition, the petitioner asserts two claims for relief. First, he claims that he was denied his right to a speedy trial. Second, the petitioner contends that he was denied his right to counsel.

Upon receipt of the petition, the Court examined it and concluded that the petitioner had stated a colorable claim for relief. Accordingly, an order (Docket Entry No.8) was entered directing the respondents to file an answer, plead or otherwise respond to the petition. Rule 4, Rules - - - § 2254 Cases.

Presently before the Court are respondents' Answer (Docket Entry No.22) to the petition and petitioner's Reply (Docket Entry No.24) to the respondents' Answer. Having carefully considered the petition, respondents' Answer, petitioner's Reply, and the expanded record, it appears that an evidentiary hearing is not needed in this matter. *See* Smith v. United States of America, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Therefore, the Court shall dispose of the petition as the

4

law and justice require. Rule 8(a), Rules - - - § 2254 Cases.

### III. Exhaustion of State Court Remedies

A federal district court will not entertain a petition for writ of habeas corpus unless the petitioner has first exhausted all available state court remedies for each claim in his petition. Cohen v. Tate, 779 F.2d 1181, 1184 (6th Cir.1985).While exhaustion is not a jurisdictional requirement, it is a strictly enforced doctrine which promotes comity between the states and federal government by giving the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. Granberry v. Greer, 107 S.Ct. 1671, 1674-1675 (1987). Thus, as a condition precedent to seeking federal habeas corpus relief, the petitioner is required to fairly present his claims to the state courts. Rose v. Lundy, 102 S.Ct. 1198, 1205 (1982). A claim has been fairly presented when the petitioner has raised both the factual and legal basis for his claim in the state courts. Fulcher v. Motley, 444 F.3d 791, 798 (6th Cir. 2006). Once his federal claims have been raised in the highest state court available, the exhaustion requirement is satisfied, even if that court refused to consider the claims. Wilson v. Mitchell, 498 F.3d 491, 498-99 (6th Cir. 2007).[2]

---

[2] In Tennessee, a petitioner need only take his claims to the Tennessee Court of Criminal Appeals in order to fully exhaust his available state court remedies. Rule 39, Tenn. Sup. Ct. Rules; Adams v. Holland, 324 F.3d 838 (6th Cir. 2003).

When the respondents submitted their Answer, the petitioner had not yet gone to trial. As a consequence, the petitioner was not then in custody pursuant to a State court judgment. For that reason, the respondents characterized the amended habeas corpus petition as one brought pursuant to 28 U.S.C. § 2241 rather than § 2254. They argued, therefore, that the Court should abstain from adjudicating the amended habeas corpus petition in order to give the state courts an opportunity to address the petitioner's claims. *See* Younger v. Harris, 91 S.Ct. 746 (1971).

Nevertheless, the petitioner has now been tried and remains in custody pursuant to a State court judgment. 28 U.S.C. § 2254, with its exhaustion requirement, 28 U.S.C. § 2254(b)(1), is the appropriate vehicle by which the petitioner can pursue an adjudication of his claims.

The petitioner was found guilty on August 24, 2012. He has not, as of yet, had an opportunity to pursue his claims through either the direct appeal or post-conviction processes. As a result, the petitioner has failed to fully exhaust his state court remedies for these claims prior to coming into federal court.

## IV. Conclusion

For the reasons stated above, the Court finds that the petitioner has not fully exhausted state court remedies that are still available to him. Therefore, the Court is obliged to deny his habeas corpus petition and dismiss the instant action without

6

prejudice. Rose v. Lundy, *supra*.

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge

Case 3:12-cv-00490   Document 26   Filed 10/10/12   Page 7 of 7 PageID #: 550